DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CHERIE KARIMA ALLAHAR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-001 |
| ) | |
| ) | |
| **CLINICAL LABORATORY INC**., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**K. Glenda Cameron, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Bruce P. Bennett, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Insufficient Service of Process, Lack of Subject Matter Jurisdiction and Failure to State a Claim, which was filed on January 21, 2011. (Dkt. No. 2). Plaintiff's Opposition was filed on September 26, 2011, (Dkt. No. 5), in response to the Court's Order to Show Cause why the case should not be dismissed.[1] Defendant's Reply was filed on October 20, 2011. (Dkt. No. 8). For the reasons that follow, the Court will deny Defendant's Motion and will grant Plaintiff an extension up to and including March 27, 2012, within which to effect proper service on Defendant.

---

[1] Plaintiff's Reply to the Order to Show Cause contained a substantive response to Defendant's Motion. Accordingly, the Court will refer herein to Plaintiff's Reply to the Order to Show Cause as Plaintiff's Opposition to the Motion to Dismiss.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that she was terminated from her employment with Defendant on or about April 20, 2009, and otherwise treated differently as a result of racial discrimination and retaliation. On December 21, 2010, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 1-10, 61-64, and 24 V.I.C. § 451; and the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76. Plaintiff also alleged a breach of good faith and fair dealing, and intentional infliction of emotional distress. Among other relief, Plaintiff sought compensatory and punitive damages. On January 4, 2011, the case was removed by Defendant to the District Court of the Virgin Islands pursuant to § 28 U.S.C. 1441(b), federal-question jurisdiction.

On January 21, 2011, Defendant filed its Motion to Dismiss. (Dkt. No. 2). In the Motion, Defendant argues that it was improperly served under Rule 4(h) of the Federal Rules of Civil Procedure; the Court lacks subject-matter jurisdiction under Title VII because Defendant employs less than fifteen workers; the Court lacks subject-matter jurisdiction over Plaintiff's § 1981 claims; and, because the Court lacks subject-matter jurisdiction over the federal claims, Plaintiff fails to state a claim upon which relief can be granted on the remaining state law claims.

On September 21, 2011, Defendant filed a Motion requesting a Ruling on its Motion to Dismiss, noting that Plaintiff had fourteen days to file an Opposition to the Motion to Dismiss, but had not yet responded to Defendant's Motion. (Dkt. No. 3). The following day, the Court issued an Order to Show Cause why the matter should not be dismissed. (Dkt. No. 4).

Plaintiff filed a Reply to the Order to Show Cause on September 26, 2011, in which she provided an explanation for the untimely filing and submitted a substantive response to

2

Defendant's Motion to Dismiss. (Dkt. No. 5). On October 3, 2011, the Court denied Defendant's Motion Requesting a Ruling on the Motion to Dismiss as moot; accepted Plaintiff's filing as her Opposition to Defendant's Motion to Dismiss; and discharged the Court's Order to Show Cause. (Dkt. No. 6). On October 20, 2011, Defendant filed a Reply to Plaintiff's Opposition to its Motion to Dismiss. (Dkt. No. 8). On the same day, Defendant filed a Motion to amend its Notice of Removal, (Dkt. No. 7), which the Court granted on December 1, 2011. (Dkt. No. 9). On December 8, 2011, Defendant filed its First Amended Notice of Removal. (Dkt. No. 10).[2]

## II.   DISCUSSION AND ANALYSIS

Defendant argues for dismissal of the Complaint on the grounds that it was improperly served under Rule 4(h) of the Federal Rules of Civil Procedure, the Court lacks subject-matter jurisdiction over the federal claims, and Plaintiff fails to state a claim upon which relief can be granted on the remaining state law claims. The Court considers each argument below.

### A.   Sufficiency of Service of Process

Defendant argues that Plaintiff's service of process failed to comport with the requirements of Rule 4(h) of the Federal Rules of Civil Procedure. Rather than serving Gloria Coursey, Defendant's corporate agent, Plaintiff served Padriac Coursey, the son of Gloria Coursey, who is not an employee, agent, officer or director of Clinical Laboratories. Def.'s Mot. at 1. In response, Plaintiff points first to Defendant's Notice of Removal. Plaintiff argues that by filing a Notice of Removal in District Court, Defendant submitted to the jurisdiction of the Court and waived any jurisdictional defenses flowing from insufficient service. Plaintiff further argues that, because Defendant's Notice of Removal stated that Gloria Coursey received process, Defendant waived the defense of insufficient service of process. Finally, Plaintiff argues that

---

[2] Defendant amended its Notice of Removal in order to correct its erroneous assertion in the original Notice that service had been made on Gloria Coursey, Defendant's corporate agent.

3

Defendant waived its right to raise the issue of service of process because Defendant allegedly was two days late in filing its Motion to Dismiss. Pl.'s Opp. at 4-5.

In its Reply, Defendant argues that the filing of a Notice of Removal does not constitute a waiver of jurisdictional defenses. Further, while Defendant concedes that it identified Gloria Coursey in the Notice of Removal as the person who received service, it argues that this was simply an error, and that Defendant has never been properly served with a summons and complaint. Because Defendant was never served with process, it argues that it was never required to submit an answer, and thus, its Motion to Dismiss was not untimely. Def.'s Reply at 2-4.

### 1. Waiver of Jurisdictional Defenses

Plaintiff argues that the Court cannot dismiss for lack of personal jurisdiction as a result of deficient service of process because Defendant appeared before the Court by filing its Notice of Removal, thus waiving its jurisdictional defense. Pl.'s Opp. at 4. The Court rejects this argument because removal from state to federal court is not a waiver of the removing party's objections to jurisdiction in federal court, and thus does not preclude the Court from considering Defendant's jurisdictional defense. *See Minnesota v. United States,* 305 U.S. 382, 388-89 (1939) (explaining that removal from state to federal court is "without legal significance" as to the question of jurisdiction); *Orange Theatre Corp., v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) (describing that when a defendant voluntarily places himself under the jurisdiction of a federal court, he does not lose the right to assert the original lack of jurisdiction).[3]

In support of her claim that Defendant has waived its jurisdictional defense, Plaintiff cites *Zelson v. Thomforde*, where the Third Circuit found that "a court may not *sua sponte* dismiss for

---

[3] The Third Circuit has found that proper service of process is an "essential element[] of the court's personal jurisdiction over the defendant . . . ." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996).

4

want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion . . . ." 412 F.2d 56, 59 (3d Cir. 1969). However, Plaintiff ignores the fact that here, the Court is not considering the issue of personal jurisdiction *sua sponte*, but in response to the assertion of that defense by the Defendant. In *Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, the Third Circuit distinguished its holding in *Zelson* from a case where the issue of personal jurisdiction was raised by the defendant in the Answer:

> [Plaintiff] cites *Zelson v. Thomforde* to support its contention that the district court erred in raising the forum selection clause *sua sponte* and impermissibly granting defendants' 12(b) motion to dismiss in reliance on that clause. In *Zelson*, the district court dismissed the action "without the issue [of personal jurisdiction] having been raised below by defendant-appellees." *Id*. In that context, we stated that "a court may not *sua sponte* dismiss for want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion." *Id.* That is not the case here. Rather, [defendants] filed an Answer raising several affirmative defenses including . . . lack of personal jurisdiction over the individual defendants.

65 Fed. Appx. 844, 848 (3d Cir. 2003) (citation omitted). Because removal does not bar a litigant from raising jurisdictional defenses and Defendant has affirmatively raised the defense, the Court is not precluded from considering Defendant's claim that the Court lacks personal jurisdiction as a result of Plaintiff's defective service.

Plaintiff next argues that Defendant waived its affirmative defense of insufficiency of service of process when Defendant erroneously indicated in its Notice of Removal that Gloria Coursey received service.[4] The Court concludes that Defendant's error in its Notice of Removal does not constitute a waiver that would preclude Defendant from claiming that it was improperly served.

---

[4] In the First Notice of Removal, Defendant stated: "Attached hereto as Exhibits 1 and 2 are copies of the following documents [summons and complaint] that were served by Plaintiff on Gloria Coursey, purported Resident Agent for Clinical Laboratory, Inc., on or about December 30, 2010." (Dkt. No. 1).

5

Rule 12(h) of the Federal Rules of Civil Procedure governs when a party "waives any defense listed in Rule 12(b)(2)-(b)(5)," which includes "insufficient service of process." Fed. R. Civ. P. 12(h). The Rule states that a party waives such a defense "(A) by omitting it from a motion in the circumstances described in 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." *Id*. The Rule does not contemplate that a party might waive an affirmative defense through an erroneous statement that it had in fact received service in an unrelated filing.[5] Indeed, the Third Circuit has noted that "when the rule makers wanted to attach 'waiver' consequences in certain situations, they did so explicitly." *Neifeld v. Steinberg*, 438 F.2d 423, 428 n.11 (3d Cir. 1971). The Court is left with no reason to believe the rule makers intended for such an error, as here, to constitute a waiver.[6]

### 2. Service of Process

Rule 4(h)(1) of the Federal Rules of Civil Procedure requires that service upon a domestic corporation in a United States judicial district must occur "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Plaintiff's compliance with this rule is important because valid service of process is needed before a court can assert personal jurisdiction over a defendant. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,*

---

[5] That the statement was erroneous is supported by the affidavit of Gloria Coursey, in which she represents that she did not receive service of process, but that her son, Padriac Coursey, was served with the Summons and Complaint. (Dkt. No. 8-1). Significantly, Plaintiff has never argued that service under Rule 4(h) was proper. Nor does Plaintiff challenge the affiant's statements, but simply relies on the fact that a contrary statement was made by Defendant in its Notice of Removal.

[6] This is especially true where, as here, Plaintiff was put on notice just over two weeks after the erroneous statement in the Notice of Removal that Defendant's Motion to Dismiss included the affirmative defense of insufficient service of process. Moreover, Plaintiff should have known the identity of the person served from a properly executed Return of Service.

*Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Ayres*, 99 F.3d at 568 (explaining that proper service of process is an "essential element[]of the court's personal jurisdiction over the defendant . . . ," and finding that a court lacks personal jurisdiction over defendant as a result of a defective summons).

Rule 4(e)(1) of the Federal Rules provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The service rules of the Virgin Islands are embodied in Rule 27 of the Rules of the Superior Court of the Virgin Islands, which states: "The summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure . . . ." Super. Ct. R. 27(b). Accordingly, the Court turns to Rule 4(h)(1)(B).

Rule 4(h)(1)(B) of the Federal Rules requires that service be completed upon an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff does not claim that Padriac Coursey falls into any of these categories, but instead argues that the defect in service to Padraic Coursey is inconsequential because Gloria Coursey was ultimately notified of the delivery of process, as evidenced by Defendant's appearance in filing the Notice of Removal. Plaintiff therefore argues that Defendant accepted process on December 30, 2011, the day that Defendant filed its Notice of Removal. Pl.'s Opp. at 2.

The Court is unpersuaded by Plaintiff's argument. In *Ayres*, the Third Circuit concluded that Rule 4(h) service delivered to an office manager, while functioning to notify the defendant corporation, was nonetheless improper because the office manager was not a person properly

7

designated in Rule 4(h) to receive service. *Ayres,* 99 F.3d at 568. The Third Circuit noted that "although it is true that one of the purposes of the rules regarding service of process is to provide notice . . . notice cannot by itself validate an otherwise defective service." *Ayres*, 99 F.3d at 568 (quoting *Grand Entm't Group Ltd. v. Star Media Sales Inc*., 988 F.2d 476, 486 (3d Cir. 1993)). Here, although Defendant was obviously notified of the service, Defendant was not served in the manner required by Rule 4(h), and the Court accordingly concludes that service was defective.

Because service was not perfected, the Court cannot agree with Plaintiff's contention that Defendant's Motion to Dismiss was untimely. Rule 12 states that a defendant must serve a responsive pleading "within 21 days of being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a). Here, because Defendant was not properly served, the Motion to Dismiss is not untimely. *See Silva v. City of Madison*, 69 F.3d 1368, 1375 (7th Cir. 1995) (responsive pleading by a defendant is only required after defendant is properly served); *Petry v. Cummings,* 1986 WL 671, *4 n.1 (W.D.N.Y. 1986) ("[T]he twenty-day period provided for in Rule 12(a) does not commence until service has been effected in a legally permissible manner."); *see also Mensch v. United States,* 2009 WL 2242295, *2 (E.D.N.Y. 2009) ("[R]espondent's motion is not untimely because petitioner improperly served respondent, and improper service does not start the 60-day period under Rule 12(a)(2).").

Finding that service was not properly effectuated, the Court next considers that a plaintiff bringing a civil action in district court has 120 days after filing a complaint to complete service of her complaint. Fed. R. Civ. P. 4(m). In this case, Plaintiff filed the Complaint on December 20, 2010, and has far exceeded the 120-day limit for serving Defendant. When service is not completed within 120 days, as is the case here, Rule 4(m) of the Federal Rules of Civil Procedure requires the district court to "dismiss the action without prejudice against that

defendant or order that service be made within a specified time." *Id*.

In drafting Rule 4(m), the Advisory Committee contemplated that a court would be permitted to relieve a plaintiff of the consequences of a dismissal under the Rule if, for example, "the applicable statute of limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993). The Third Circuit has interpreted this rule to mean that "the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)," *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997), but that it "does not require the district court to extend time for service of process." *Petrucelli*, 46 F.3d 1298, 1306 (3d Cir. 1995); *see also Chiang v. U.S. Small Business Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009).

In addition to factors such as expediency, conservation of resources and avoiding further delay, the Court—without deciding the issue—will take into consideration that the statute of limitations might bar Plaintiff from refilling her Title VII action. Accordingly, in exercising its discretion here, the Court declines to dismiss the charges against Defendant on the grounds of improper service. In view of the Court's rejection of Defendant's remaining challenges, the Court will give Plaintiff until March 27, 2012, to properly serve the Defendant.

      B.      Subject-Matter Jurisdiction over Plaintiff's Federal Claims

Defendant argues that the Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims because Defendant is not an employer as defined within the statute. Def.'s Mot. at 1-2. Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Defendant asserts that it has never had fifteen or more employees and, accordingly,

the Court lacks subject-matter jurisdiction over the Title VII claim. Def.'s Mot. at 1-2.

Defendant additionally contends that the Court lacks subject-matter jurisdiction over Plaintiff's claim under 42 U.S.C. § 1981, explaining that "[j]urisdiction for such a claim must be premised upon 28 U.S.C.A. § 1343. Plaintiff's claim as alleged under 42 U.S.C.A. § 1981 does not satisfy the criteria under 28 U.S.C.A. § 1981 [sic]." *Id.* at 2.[8]

As discussed below, the Court rejects Defendant's jurisdictional arguments.

### 1.   Statutory Definition of Employer Under Title VII

Defendant seeks dismissal on the grounds that the Court lacks subject-matter jurisdiction over a Title VII claim against a Defendant with less than fifteen employees. In Plaintiff's Opposition to the Motion to Dismiss, she argues that the fifteen-employee requirement set forth in Title VII is not jurisdictional, but is a substantive element of the claim. Plaintiff goes on to provide the names and titles of eighteen individuals allegedly employed by Defendant and contends that "at all material times relevant to this complaint Defendant had the statutory 15 or more employees . . . ." Pl.'s Opp. at 7.

Plaintiff correctly argues that Title VII's fifteen employee requirement is a substantive, rather than jurisdictional, requirement. In *Arbaugh v. Y&H Corporation*, the Supreme Court found that Title VII's "numerical threshold does not circumscribe federal-court subject-matter jurisdiction" but instead "relates to the substantive adequacy" of the claim.  546 U.S. 500, 504 (2006); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-83 (3d Cir. 2003) (holding that Title VII's fifteen employee requirement was a substantive element of a Title VII claim). In addressing the issue, the Supreme Court clarified "the distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy;

---

[8] The Court assumes that Defendant intended to state that "Plaintiff's claim as alleged under 42 U.S.C.A. § 1981 does not satisfy the criteria under 28 U.S.C.A. § [1343]."

and the essential ingredients of a federal claim for relief." *Id*. at 503. The Court explained that federal courts have subject-matter jurisdiction over Title VII claims because 28 U.S.C. § 1331 grants federal courts with subject-matter jurisdiction over all civil actions "arising under" the laws of the United States, and "Title VII actions fit that description." *Id.* at 502. Moreover, Congress "underscore[d] [its] intention to provide a federal forum for the adjudication of Title VII claims," *id.* at 506, through the statute's own jurisdiction-conferring provision, which provides: "Each United States district court and each United States court of a place subject to a jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter," 42 U.S.C. § 2000e-5(f)(3).

Because the Supreme Court made clear that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue," *id.* at 516, the Court denies Defendant's request to dismiss Count I of Plaintiff's Complaint on subject-matter jurisdictional grounds.

### 2. 42 U.S.C. § 1981

Defendant additionally claims that the Court lacks subject-matter jurisdiction over Plaintiff's claim under 42 U.S.C. § 1981. Defendant's entire argument is as follows:

> The Court does not have subject matter jurisdiction over Plaintiff's claim under 42 U.S.C. § 1981. Jurisdiction for such a claim must be premised upon 28 U.S.C.A. § 1343. Plaintiff's claim as alleged under 42 U.S.C.A. § 1981 does not satisfy the criteria under 28 U.S.C.A. § 1981 [sic] and therefore there is no subject matter jurisdiction for Count II of the Verified Complaint.

Def.'s Mot. at 2. Plaintiff responds that the Court has jurisdiction because she stated in her Complaint that: "Jurisdiction of this Court is invoked pursuant to . . . 28 U.S.C.A. § 1343(4)," Compl. at ¶ 3, and "as such, the claim that Plaintiff failed to premise jurisdiction over the § 1981 claim on 28 U.S.C.A. § 1343(4) is belied by the express allegations as to jurisdiction in

11

Paragraph 3 of the Complaint." Pl.'s Opp. at 9.

The Court rejects Defendant's cryptic three-sentence argument, including its reference to unspecified "criteria" that are not satisfied by Plaintiff's claim. Def.'s Mot. at 2. The Third Circuit has noted that a "district court has subject matter jurisdiction over [a plaintiff's] . . . § 1981 claim[] through its power to hear civil rights cases . . . [under] 28 U.S.C.A. § 1343(a)[4]." *See Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991). Section 1343 states: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [4] To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." §§ 1343(a), 1343(a)(4). The relief Plaintiff is seeking in Count II of her Complaint is provided by § 1981, a congressional Civil Rights Act, and Plaintiff asserted jurisdiction under § 1343(a)(4) in her Complaint. Accordingly, the Court will deny Defendant's request to dismiss Count II for lack of subject-matter jurisdiction.

### C. State Law Claims

The entirety of Defendant's remaining argument reads: "Considering that the federal claims are properly dismissed, the Verified Complaint fails to state a claim upon which relief can be granted as to the 'local claims.'" Def.'s Mot. at 2. Defendant's failure to further develop this one-sentence argument renders it incomprehensible, in that the connection between the dismissal of federal claims on grounds of subject-matter jurisdiction and the corresponding dismissal of local claims on the merits is not readily apparent.[9] In any event, the federal claims are not "properly dismissed" as Defendant claims because the Court has rejected Defendant's contention

---

[9] *Cf.* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction.") and *Arbaugh*, 546 U.S. at 514 (when a federal court "concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."), neither of which contemplates dismissal of state law claims on the merits.

that it lacks subject-matter jurisdiction over those claims. Accordingly, under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over state law claims "linked to a claim based on federal law." *Arbaugh*, 546 U.S. at 507.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that: 1) Plaintiff failed to effectuate proper service upon the Defendant under Rule 4(h) of the Federal Rules of Civil Procedure. The Court will exercise its discretion to grant Plaintiff an extension of time up to and including March 27, 2012, to serve Defendant under Rule 4(m) of the Federal Rules of Civil Procedure; 2) The Court has subject-matter jurisdiction over Plaintiff's federal claims; and 3) The Court has supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court will deny Defendant's Motion to Dismiss. An appropriate Order accompanies this Opinion.


Date: March 13, 2012                               _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge