DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CHERIE KARIMA ALLAHAR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2011-001 |
| | ) |
| **CLINICAL LABORATORY INC.**, | ) |
| | ) |
| Defendant. | ) |

**Attorneys:**
**K. Glenda Cameron, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Bruce P. Bennett, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Clinical Laboratory, Inc.'s ("Clinical Lab") "Motion to Dismiss Counts III and IV of the First Amended Complaint" ("Motion to Dismiss"). (Dkt. No. 21). This Court will deny Defendant's Motion as to Count III, because the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 3, 7, provides a private cause of action for claims of employment discrimination on the basis of race. This Court will grant Defendant's Motion as to Count IV, because the doctrine of *res judicata* precludes litigating the wrongful discharge claim alleged therein.

### I. Background

Plaintiff filed a Complaint, as amended, in the Superior Court of the Virgin Islands, alleging various claims stemming from her employment with, and termination from, Clinical

Lab. (Dkt. No. 18). Defendant removed the case to the District Court of the Virgin Islands pursuant to § 28 U.S.C. 1441(b), based on this Court's federal question jurisdiction. (Dkt. No. 10).

Plaintiff alleges in Count III of the Complaint that Defendant violated the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 1-10, 61-64, and 24 V.I.C. § 451 *et seq.*; and in Count IV of the Complaint, that Defendant violated the Virgin Islands Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76. Both claims are based on Defendant's alleged retaliatory acts and patterns and practices of discrimination on the basis of Plaintiff's race. (Dkt. No. 10, Ex. 2).[1]

By the instant Motion, Defendant seeks dismissal of Counts III and IV of the Complaint.[2] For the reasons that follow, the Court will grant in part and deny in part Defendant's Motion.

## II.   Discussion

### A. Count III

In Count III of the First Amended Complaint, Plaintiff alleges that her treatment at the hands of Defendant Clinical Lab's management constituted race discrimination in violation of the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 1-10, 61-64, and 24 V.I.C. § 451 *et seq.* (Dkt. No. 18). Defendant, in its Motion to Dismiss, argues that Count III "must be dismissed as the noted statutes do not provide for a private cause of action." (Dkt. No. 21). The Court disagrees.

Title 10, Section 3 of the Virgin Islands Civil Rights Act prohibits discrimination and differential treatment in the employment context on the basis of race, and private litigants may sue for damages for violations thereof. 10 V.I.C. § 3. The relevant penalty provision provides:

---

[1] Plaintiff also alleged federal civil rights violations, and contract and tort claims, which are not relevant to the Motion now before the Court. (Dkt. No. 10, Ex. 2).

[2] Plaintiff filed a "Stipulation for Extension of Time" (Dkt. No. 22) on June 20, 2012, indicating that Plaintiff would have an extension until June 29, 2012, to respond to Defendant's Motion. No response was filed.

2

> Whoever, whether as owner, officer, manager, agent, or employee of any business or industrial establishment, labor organization, place of public accommodation, resort or amusement, or club, violates any of the provisions of this chapter, shall, for each and every such violation, be -
> (1) liable in actual damages, and in addition, thereto, to punitive damages not to exceed $5,000 to be recovered in a civil action by the person aggrieved thereby or by any resident of the United States Virgin Islands to whom the person aggrieved may assign his cause of action.

10 V.I.C. § 7(1). In accordance therewith, this Court has entertained suits brought by private litigants under 10 V.I.C. §§ 3-7. *See Matheson v. Virgin Islands Cmty. Bank, Corp.,* 297 F. Supp. 2d 819, 832-33 (D.V.I. 2003); *Gov't of Virgin Islands v. Puerto Rican Cars, Inc.,* 1973 WL 354139 (D.V.I. 1973).

Count III of Plaintiff's First Amended Complaint includes the statutory sections that provide for a private right of action. Accordingly, Defendant's argument fails, and its Motion to Dismiss Count III will be denied.

### B. Count IV

In Count IV of the First Amended Complaint, Plaintiff alleges that the discrimination and retaliatory acts committed by Defendant constitute a violation of the WDA, codified at 24 V.I.C. § 76 *et seq.* (Dkt. No. 18). Plaintiff previously filed a charge with the Virgin Islands Department of Labor ("DOL") in 2009, alleging a violation of the WDA stemming from the same facts, employment relationship, and termination. (Dkt. No. 21, Ex. B). An administrative hearing was conducted on the allegation in 2011 before Administrative Law Judge ("ALJ") James Kitson, with both parties represented by the same counsel as in the instant case. ALJ Kitson issued a Memorandum Opinion and Order in 2012, finding no violation of the WDA and dismissing the complaint filed with DOL. (Dkt. No. 21, Ex. A). Defendant argues in its Motion to Dismiss (Dkt. No. 21) that the WDA claim in Count IV is consequently precluded based on *res judicata*. The Court agrees.

The *res judicata* principle is a pillar of common law that bars a party from litigating the same claim against the same adversary as was litigated in a prior suit. *Duhaney v. Att'y Gen.,* 621 F.3d 340, 347 (3d Cir. 2010). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, No. 12-3388, 2013 WL 4017160 (3d Cir. Aug. 8, 2013) (*quoting Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

*Res judicata* principles apply to administrative adjudications as well as judicial proceedings, and final administrative decisions may have preclusive effect on subsequent litigation. *University of Tennessee v. Elliott,* 478 U.S. 788, 798 (1986). When the administrative body in question acts "in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991) (*citing United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422 (1966)). If the ALJ's decision is a final judgment, it will preclude the same parties' subsequent litigation of the same claim in a judicial forum. *Id.* A decision constitutes a final judgment on the merits when it "disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decrees." *Staples v. Ruyter Bay Land Partners, LLC*, No. 2005-11, 2007 WL 4800350 at *2 (D.V.I. Dec. 10, 2007) (*quoting Chemlen v. Bank of Ir. First Holdings,* No. 93-1592, 1993 WL 443822 at *8 (1st Cir. Nov. 3, 1993)).

To successfully assert the defense of *res judicata,* a party must demonstrate that: (1) there has been a final judgment on the merits in a prior action; (2) the prior action involved the same parties; and (3) the subsequent suit is based on the same cause of action. *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir. 1984). All of the elements are satisfied in the instant case.

Here, the Court has before it ALJ Kitson's Opinion and Order adjudicating the merits of the claim filed with DOL. (Dkt. No. 21, Ex. A). Judge Kitson's Opinion includes findings of fact based on the evidence presented at the 2011 hearing. It disposes of the entirety of the claim and no further action is needed to give the judgment effect.[3] Accordingly, it is a final judgment on the merits and satisfies the first element of *res judicata*.

The Court also has before it Plaintiff's complaint filed with DOL. That complaint asserts a claim against Clinical Lab that is identical to the one in the instant lawsuit. (Dkt. No. 21, Ex. B, p. 1).[4] Because the parties and cause of action for wrongful termination therein are identical to Count IV of the Complaint in the instant matter, the final two elements of *res judicata* are met. Litigating Count IV in this judicial forum is accordingly precluded by the *res judicata* principle. *See Sprauve* 2010 WL 3463308 at *10 ("As the adjudication performed by the DOL had all the hallmarks of a binding judicial proceeding, the Court gives it the weight it deserves" by precluding litigation in federal court).

### III.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted as to Count IV

---

[3] If a party wishes to appeal a DOL administrative adjudication, the proper course for appeal is with the Superior Court of the Virgin Islands within thirty days of issuance of the decision. 24 V.I.C. § 70; *See Sprauve v. CBI Acquisitions LLC*, No. 09-165, 2010 WL 3463308, *10 (D.V.I. Sept. 2, 2010).

[4] In both claims, Plaintiff alleges Clinical Lab discriminated against her in terminating her employment, and in doing so violated 24 V.I.C. § 76, the Virgin Islands' WDA.

5

and denied as to Count III of Plaintiff's First Amended Complaint.  An appropriate Order accompanies this Opinion.

Date: December 13, 2013                           _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge