DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CHERIE KARIMA ALLAHAR,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )      Civil Action No. 2011-0001 |
| | ) |
| **CLINICAL LABORATORY, INC.,** | )<br>) |
| Defendant. | )<br>) |

**Attorneys:**
**K. Glenda Cameron, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

### MEMORANDUM OPINION

THIS MATTER comes before the Court on the "Motion to Dismiss for Failure to Prosecute" filed by Defendant Clinical Laboratory, Inc. ("Defendant" or "Clinical Lab") on December 8, 2015. (Dkt. No. 62). Plaintiff's counsel, Attorney K. Glenda Cameron, responded with a "Notice of Filing" in which she reiterated a request previously made, and denied without prejudice, to withdraw as counsel for Plaintiff. (Dkt. No. 63).[1] For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss this case with prejudice.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In December 2010, Cherie Karima Allahar ("Plaintiff" or "Allahar") filed a Complaint against her former employer, Clinical Lab, in the Superior Court of the Virgin Islands. (Dkt. No.

---

[1] By separate Order, entered contemporaneously herewith, the Court grants counsel's renewed request to withdraw. (Dkt. No. 72).

1-2). She alleged that she was subject to race discrimination while employed at Clinical Lab and was subsequently terminated in April 2009 as a result of race and pregnancy discrimination and retaliation. *Id.* Allahar brought claims under Title VII of the Civil Rights Act; 42 U.S.C. § 1981; the Virgin Islands Civil Rights Act; and the Virgin Islands Wrongful Discharge Act. She also asserted causes of action for Breach of the Covenant of Good Faith and Fair Dealing, and Intentional Infliction of Emotional Distress. *Id.* at 8-11.

In January 2011, Clinical Lab removed the case from Superior Court to this Court (Dkt. No. 1), and filed a Motion to Dismiss for insufficient process, insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim. (Dkt. No. 2). Allahar did not respond to the Motion to Dismiss.

In September 2011, the Court issued an Order to Show Cause why this matter should not be dismissed for failure to prosecute, noting that Plaintiff had not responded to the Motion to Dismiss or initiated any other proceeding in this matter. (Dkt. No. 4). Plaintiff then responded, claiming that, due to her counsel's office staff turnover, the opposition to the Motion to Dismiss had not been filed; that Defendant had waived service issues; and that jurisdiction existed in this case. (Dkt. No. 5). The Court denied Defendant's Motion to Dismiss in March 2012, and granted Plaintiff an extension of time to serve Defendant. (Dkt. Nos. 11, 12).

Subsequently, Allahar sought leave to file an Amended Complaint, (Dkt. No. 13) which the Court granted. (Dkt. No. 15). After Allahar filed her First Amended Complaint (Dkt. No. 18), Defendant moved to dismiss Count III (Virgin Islands Civil Rights Act claim) and Count IV (Wrongful Discharge Act claim). (Dkt. No. 21). In a Memorandum Opinion and accompanying Order entered on December 13, 2013, the Court denied Defendant's motion as to Count III, and granted it as to Count IV. (Dkt. No. 23, 24).

In January 2014, the parties filed an Amended Joint Discovery Plan (Dkt. No. 34) and the Court issued a Scheduling Order which set the discovery deadline for June 2014. (Dkt. No. 37). Other than Rule 26 disclosures (Dkt. Nos. 35, 38), the record does not show any discovery pursued by either party.

In January 2015, Plaintiff's counsel, K. Glenda Cameron, Esq. filed a Motion to Withdraw as Attorney, stating that she and Plaintiff

> are at an impasse as to. . . how to proceed in this matter and Plaintiff as a result agreed to obtain substitute counsel. Plaintiff has had several months to identify substitute counsel but has failed to do so and undersigned counsel cannot afford to devote additional time and resources in litigating Plaintiff's claim.

(Dkt. No. 44 at 1).[2] The Magistrate Judge of this Court, the Honorable George W. Cannon, Jr., issued an Order on February 12, 2015, in which he denied counsel's Motion to Withdraw without prejudice. (Dkt. No. 49). The Order further provided: that Attorney Cameron was to serve Allahar with a copy of the Order and provide proof of service to the Court; that Allahar "shall retain new counsel and have such counsel provide a notice of appearance on her behalf or file a notice of her intent to proceed *pro se* with her contact information **on or before April 23, 2015**" (emphasis in original); and in the event that a new counsel or Allahar failed to file such a notice, a hearing would be held on April 23rd, at which time Allahar was directed to appear in person. *Id.* The Order also stated that "[f]ailure to file any notice or appear at said hearing may result in dismissal of this matter." *Id.*

Attorney Cameron mailed the Order to Allahar as required, and filed proof of service. (Dkt. Nos. 52, 53). The docket report shows that no new counsel entered an appearance on behalf of Allahar, and no notice of intent to proceed *pro se* was filed by Allahar. A hearing took place before

---

[2] In support of her Motion to Withdraw, Attorney Cameron submitted, *ex parte* and under seal, an Affirmation and an exhibit showing email correspondence with Allahar. (Dkt. No. 47).

3

Judge Cannon on April 27, 2015 at which Allahar failed to appear. Judge Cannon again denied counsel's Motion to Withdraw without prejudice. (Dkt. No. 54).

In October 2015, the undersigned Judge issued a Trial Management Order, scheduling this matter for trial on January 11, 2015 and setting other pretrial deadlines. (Dkt. No. 56). The first deadline required the parties to file their witness lists and exhibit lists by November 16, 2015. In filing Allahar's witness list on November 20, 2015, Attorney Cameron indicated that she had notified Allahar repeatedly of her Motion to Withdraw as counsel and of the Court's orders to provide an objection, if any, to that Motion. (Dkt. No. 61). Attorney Cameron added that Allahar never responded to notices regarding the Motion to Withdraw, and she had been unsuccessful in contacting Allahar. Nevertheless, in an effort to protect Allahar's rights, Attorney Cameron submitted a witness list. *Id.* Counsel did not submit an exhibit list by the November 16, 2015 deadline or thereafter.

On December 8, 2015, Clinical Lab filed the instant Motion to Dismiss for Lack of Prosecution, pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 62). Clinical Lab argues that the facts and procedural history of this case demonstrate that Plaintiff does not wish to pursue her claims; that the Court could dismiss the case as a matter of its discretion in managing its docket; and that if the Court were to apply the six-factor test set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 866 (3d Cir. 1984), which provides the standard against which motions to dismiss for failure to prosecute are measured, the case should be dismissed with prejudice. *Id.*

In response, on December 22, 2015, Attorney Cameron submitted a "Notice of Filing" to the Court "in lieu of an opposition to the Motion to Dismiss for Lack of Prosecution." (Dkt. No. 63). In the Notice, counsel provided an email thread of her communications with Allahar between August and October 2014—prior to the filing of the Motion to Withdraw—in which counsel apprised Allahar of her intent to file a Motion to Withdraw and the fact that time was of the essence

4

in obtaining substitute counsel.[3] Attorney Cameron also reasserted the grounds for her withdrawal, stating that Allahar "failed to respond to Counsel's notices to her to contact the Court as to her intent in this matter"; that the Trial Management Order had been sent to Allahar, but counsel's "attempts to contact [her] proved futile"; and that, on December 8, 2015, Attorney Cameron prepared a letter and proposed affidavit "encouraging Plaintiff to put in writing the prior oral and email instructions to Plaintiff's counsel that she could no longer pursue this matter and agreeing to its dismissal."[4] *Id.* Attorney Cameron attached as exhibits a copy of her December 8, 2015 letter to Allahar, which was mailed along with the Trial Management Order, Defendant's Motion to Dismiss, and a draft Affidavit for Allahar to sign. (Dkt. No. 63-2). Attorney Cameron renewed her request to withdraw, stating that Allahar received the documents on December 16, 2015, as indicated on a return receipt, but "[a]gain to date, Plaintiff has failed to correspond to counsel as to this matter." (Dkt. No. 63).

In its Reply to Plaintiff's Notice of Filing, Defendant noted that it "continues to incur the substantial expense of preparing for the January 11th trial date," and provided as an exhibit a December 21, 2015 email that Defendant's counsel sent to Attorney Cameron relaying his attempts to contact her to no avail to determine the status of the lawsuit. (Dkt. No. 64, 64-1).

---

[3] In an August 29, 2014 email, Allahar informed Attorney Cameron that she was seeking alternative counsel in this matter. (Dkt. No. 63-1). In a September 30, 2014 email, Attorney Cameron informed Allahar—having just come from a status conference with the Magistrate Judge that day—that the case would be set for trial. However, because Allahar had not provided substitute counsel, Attorney Cameron stated that she had "no choice but to go ahead and file the motion to withdraw." *Id.* In an October 2014 email exchange, Allahar told Attorney Cameron that she was "still currently looking for someone to take over the case." *Id.*

[4] Attorney Cameron represented in the Notice of Filing that the computer network used by her law office crashed, and therefore Attorney Cameron could not locate the email from Allahar where she had agreed to dismissal of the case. (Dkt. No. 63).

5

On December 29, 2015, Clinical Lab filed its portion of the Joint Final Pretrial Order, as required by the Trial Management Order, stating that "Plaintiff has never served upon defendant her portion of the Joint Final Pretrial Order." (Dkt. No. 65). Defendant further noted that Plaintiff had not supplied the following information that the Local Rules require to be included in that document: Plaintiff's Factual Statement, Statement of Damages, Fact Witnesses, Proposed Stipulations, Statement of Legal Issues, and Exhibit List. *Id. See* LRCi 16.1.

On December 30, 2015, Clinical Lab filed its Trial Brief, proposed jury instructions, and proposed voir dire, pursuant to the Trial Management Order. (Dkt. Nos. 66, 67, 68). Allahar did not file her Trial Brief, proposed jury instructions, and proposed voir dire. On January 4, 2016, Defendant filed a Neutral Statement of Facts. (Dkt. No. 69). In that document, Clinical Lab states that "Counsel for Defendant notes that he was unable to obtain any response or input from Plaintiff's counsel despite contacting Attorney Cameron on several occasions. Thus the following statement is provided solely by Clinical Laboratory." *Id.*

A pretrial conference was held on January 6, 2016, at which counsel for the parties argued their respective Motions to Dismiss and to Withdraw as counsel. Based on the written submissions and the arguments presented, the Court continued the remaining deadlines in the Trial Management Order, including the trial scheduled for January 11, 2016, pending further Order of the Court. (Dkt. No. 70).

## II.   DISCUSSION

### A. Applicable Legal Principles

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal, unless otherwise provided in the Court's order, acts as an adjudication on the merits. *Id.* Dismissal under these circumstances is a

6

matter left to the discretion of the court. *Reigle v. Riesh*, __ F. App'x __, 2015 WL 9239302, at *1 (3d Cir. Dec, 17, 2015).

Because dismissal with prejudice is a drastic sanction which the Supreme Court declared to be "'extreme,'" *Wesley v. Dixon,* 198 F. App'x 249, 251 (3d Cir. 2006) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)), the Third Circuit has established a six-factor test for courts to apply before determining whether the record supports granting a defendant's motion to dismiss for failure to prosecute. A court must assess:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint." *Bailey v. Sec'y Veterans Admin*., 535 F. Appx. 93, 94 (3d Cir. 2013) (quoting *Briscoe v. Klaus* , 538 F.3d 252, 263 (3d Cir. 2008)).

## B. Analysis

### 1. The Extent of the Party's Personal Responsibility

The first *Poulis* factor, the extent of the offending party's personal responsibility, weighs heavily in favor of dismissal. Although Allahar is represented by counsel, counsel made it clear as early as her January 2015 Motion to Withdraw that she and Allahar were at "an impasse"; that Allahar had previously agreed to obtain new counsel; and that, at the point she filed the motion, several months had already passed but Allahar had failed to find substitute counsel. (Dkt. No. 44). These facts, and others contained in a sealed Affirmation, caused Attorney Cameron to file the Motion to Withdraw—which was served on Allahar. (Dkt. No. 45).

Although the Court denied the motion without prejudice, the February 2015 Court Order directed Allahar to notify the Court whether she wished to proceed *pro se* or to have new counsel file a notice of appearance. (Dkt. No. 49). Allahar did not respond to the Court Order. Nor did she attend the April 2015 hearing—as required by that Order in the event that she did not comply with the conditions set forth in the Court's February 2015 Order for proceeding with the matter. In addition to Allahar's lack of a response to the Court, Attorney Cameron has indicated on at least three occasions—most recently in December 2015—that Allahar has not responded to her written communications inquiring about how the case is to proceed. *See* Dkt. Nos. 44, 61, 63.

In *Chavez v. Cty. of Los Angeles*, 2013 WL 5276091 (C.D. Cal. Sept. 16, 2013), the court found that the plaintiff's "lack of communication" with counsel, failure to attend a scheduled hearing to consider counsel's motion to withdraw as attorney of record, and failure to follow court orders by failing to file "a document advising the Court of his intention to proceed with this action by the ordered date hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently"—which favored dismissal. *Id.* at *2; *see also Beaver Res. Corp. v. Brawand*, 618 F. App'x 736, 739 (3d Cir. 2015) (finding that failure to find substitute attorney by court's deadline was direct result of plaintiff's inaction, and that this *Poulis* factor favored defendant); *Gavaghan v. Said*, 2013 WL 2915902, at *4 (E.D. Pa. June 14, 2013) (finding that, while plaintiff was represented by counsel, he bore some responsibility under this *Poulis* factor because he did not attend a proceeding after receiving sufficient notice, and neglected to provide records that were pertinent to his claims); *Shaw v. NCO Fin. Sys., Inc.*, 2009 WL 909675, at *2 (W.D.N.Y. Mar. 31, 2009) (finding that plaintiff, although represented by counsel, was "solely at fault for failing to prosecute. He has not been in contact with his attorney nor has he responded to his attorney's or this Court's efforts to contact him. Plaintiff has also not complied with this Court's Orders directing that he file responses and appear for hearings.").

In view of the factual context presented here, and the reasoning in the above cases which this Court finds persuasive, the Court finds that Allahar herself bears personal responsibility for not prosecuting the case, including at the crucial time leading up to trial. Accordingly, this factor strongly favors dismissal.

### 2. Prejudice to the Adversary

The second *Poulis* factor, prejudice to the adversary caused by the failure to meet scheduling orders, also strongly favors dismissal. "Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial." *Hall v. Del. Dep't of Corr.,* 2015 WL 4036149, at *2 (D. Del. July 1, 2015) (citing *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222-23 (3d Cir. 2003)). Here, Allahar's failure to file an exhibit list in response to the Trial Management Order—in an employment discrimination case which is generally fact-intensive—burdens Clinical Lab's ability to prepare for trial. Similarly, Allahar's failure to provide to Defendant and file her section of the Joint Final Pretrial Order, and to file her Trial Brief, deprived Clinical Lab of its right to be apprised of the factual and legal theories under which Allahar would be proceeding to trial, and necessarily impaired its ability to respond in its written submissions and to prepare for trial. Accordingly, the Court finds that Defendant's ability to prepare for trial has been significantly prejudiced by Allahar's failure to file the pre-trial documents set forth in the Trial Management Order.

Prejudice also includes, *inter alia,* "'the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Beaver Resources*, 618 F. App'x at 739 (quoting *Briscoe*, 538 F.3d at 259). Clinical Lab has incurred costs directed at the question of Allahar's pursuit of this matter. In addition, its trial preparation efforts—which are necessarily time-consuming and costly, including its attempts to collaborate with Allahar on required joint filings—have been met

9

with complete unresponsiveness. The unnecessary burden and costs imposed on Defendant are undeniable.

For all of the foregoing reasons, the Court finds that Clinical Lab has been significantly prejudiced by Plaintiff, and that this *Poulis* factor weighs heavily in favor of dismissal. *See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (a finding of prejudice weighs heavily in favor of dismissal).

### 3. History of Dilatoriness

The third *Poulis* factor, a history of dilatoriness, is exhibited by "'extensive and repeated delay or delinquency'" such as "'consistent tardiness in complying with court orders.'" *Briscoe*, 538 F.3d at 260 (quoting *Adams*, 29 F.3d at 874). A "party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Extensive and repeated delay or delinquency has characterized Allahar's prosecution of this case. She failed to respond to the February 2015 Court Order by either identifying new counsel or notifying the Court that she would proceed *pro se*. In addition, because neither of those notices was filed, Allahar was ordered to appear at the April 2015 hearing. She did not appear.

Allahar also failed to respond to the Trial Management Order. She did not file an exhibit list, a trial brief, jury instructions, or a verdict form. Nor did Allahar deliver to Defendant's counsel her portion of the Joint Final Pretrial Order, or consult with opposing counsel in order to submit a joint proposed neutral statement of facts for voir dire purposes or a joint list of proposed voir dire questions. Those deadlines have passed without any response from Allahar whatsoever, let alone any indication that she intends to proceed with this matter.

In addition, Allahar failed to oppose Defendant's Motion to Dismiss for Failure to Prosecute. Without having heard from Allahar, Attorney Cameron submitted a "Notice of Filing" in which she, *inter alia*, renewed her request to withdraw. As the record amply demonstrates,

Allahar has repeatedly failed to respond to her counsel's communications regarding her intention to proceed. This failure was particularly significant in view of the scheduled trial.

The Court finds that Plaintiff's behavior, when viewed over "the life of the case," has been dilatory, and that this factor favors dismissal. *Adams*, 29 F.3d at 875.

### 4. Whether the Conduct Was Willful or in Bad Faith

The fourth *Poulis* factor, whether the conduct of the party or the attorney was willful or in bad faith, tips in Defendant's favor. A plaintiff's failure to "comply with the court's orders and in dragging the case out [must be] willful and not merely negligent or inadvertent." *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Thus, the Court must determine whether the conduct was strategic, intentional, or self-serving and not just negligent. *Adams*, 29 F.3d at 875, 876. Where the record is devoid of any indication that a plaintiff's failure was from "excusable neglect" the conclusion that her "failure is willful is inescapable." *Palmer v. Rustin*, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011).

There is no evidence of willfulness or bad faith on the part of Allahar's counsel. To the contrary, Attorney Cameron has made reasonable efforts to contact her client and obtain responses. However, while there is no evidence of bad faith on the part of Allahar, there is evidence of Allahar's willfulness. The record in this case does not suggest that Allahar's failure to proceed was caused by excusable neglect. She has had over eleven months since the February 2015 Court Order to find substitute counsel; she has ignored Court Orders; and she has been completely non-communicative with her attorney for over fifteen months—leaving the Court, her attorney, and the Defendant in litigation limbo. The conclusion is inescapable that Allahar's silence, in the face of multiple communications from her counsel, Court Orders requiring action on her part, and an impending trial, is willful.

In view of the foregoing, the Court finds that this *Poulis* factor weighs in favor of dismissal.

11

### 5. Alternative Sanctions

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, also favors dismissal. Generally, the Third Circuit has assessed this factor by determining whether a party has been proceeding through counsel or *pro se*:

> Where an attorney has caused the delay and noncompliance in the proceedings, we have noted that under the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders. However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, would not be an effective alternative.

*Briscoe*, 538 F.3d at 262-63 (internal quotation marks omitted).

This case does not fit squarely within either the counsel or *pro se* category because of the lack of responsiveness by Allahar. Nonetheless, as indicated above, the failure to proceed at this point must be laid at Allahar's feet, as she has failed to find substitute counsel; failed to abide by Court Orders; failed to communicate with her counsel for a significant period of time, including the period leading up to trial; and failed to inform the Court whether she plans to pursue her action. Consequently, the Court finds that it would be improper to impose a sanction on Attorney Cameron for this state of affairs. Any sanction should be assessed against Allahar. Based on Allahar's nonresponsiveness and inaction, it is apparent that she has no intention of pursuing this matter, despite ample opportunity to make her wishes known.

Another significant consideration in dismissing for lack of prosecution is the need for "'courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195 (3d Cir. 2010) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 631 (1962). As of Judge Cannon's February 12, 2015 Order, Allahar was aware that her failure to comply could result in dismissal of her action. She has remained

completely unresponsive to that and other Court Orders. Under these circumstances, the Court has no reason to believe that "keeping the case open while applying alternative sanctions" would prompt Allahar to proceed with the case. *Parks,* 380 F. App'x at 195. Thus, the Court finds that no sanction short of dismissal would be effective, and that this *Poulis* factor favors dismissal. *See Cummings v. Allstate Ins. Co.*, 2012 WL 2327855, at *7 (E.D. Pa. June 19, 2012) (finding dismissal appropriate under this *Poulis* factor for not obeying court orders) (citing cases).

### 6. Meritoriousness of the Claims

In assessing the final *Poulis* factor, the meritoriousness of Allahar's claims, courts "generally use the standard for a motion to dismiss for failure to state a claim. Thus, a claim is deemed meritorious 'when the allegations of the pleadings, if established at trial, would support recovery by plaintiff.'" *Ed. Mgmt. Servs., Inc. v. Pennsylvania*, 2012 WL 2389874, at *2 (M.D. Pa. June 25, 2012) (quoting *Briscoe*, 538 F.3d at 263). However, in *Brooks v. Goss,* 2011 WL 6026162 (M.D. Pa. Nov. 14, 2011), the District Court found that, even though the complaint stated claims against defendants upon which relief could be granted, "defendants have presented summary judgment arguments and evidence which, because not rebutted, appear to be meritorious." *Id.* at *3.

As in *Brooks*, even if the Court concludes that Allahar's causes of action, if proved, may have stated a claim, Clinical Lab has set forth its version of the facts in its portion of the Joint Final Pretrial Order and in its Trial Brief in support of the position that Allahar was discharged for negligence caused by failure to follow proper work procedure and policy. (Dkt. No. 66 at 2-3). Defendant further notes in its Trial Brief that Allahar raised her wrongful discharge claim before an Administrative Law Judge, who found no violation of the Wrongful Discharge Act, and entered findings of fact, including that Allahar had been properly terminated for failure to follow lab procedure as well as for carelessness and inefficiency in reporting erroneous results. *Id.* at 3-6.

13

Clinical Lab also argues that the ALJ's findings are binding in this case; that Allahar failed to meet her evidentiary burden that Defendant discriminated or retaliated against her in violation of Title VII, 42 U.S.C. § 1981, and the Virgin Islands Civil Rights Act; and that Allahar failed to establish a breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress. *Id.* at 6-15.

In view of Plaintiff's nonresponsiveness, the Court has no basis upon which to assess Plaintiff's rejoinder to Defendant's assertions, and cannot determine whether Allahar's claims have merit. Accordingly, this factor is, at best, neutral.

### III. CONCLUSION

It is a matter of the Court's discretion when balancing the *Poulis* factors. *Briscoe*, 538 F.3d at 263. Here, the Court has found that all but one of the *Poulis* factors weigh in favor of dismissal, and the remaining factor is neutral. Based on the entire record, and its assessment of the *Poulis* factors, the Court will grant Defendant's Motion to Dismiss for Failure to Prosecute (Dkt. No. 62), and will dismiss this action with prejudice. *Cf. Parks*, 380 F. App'x at 195 ("With five factors weighing against [plaintiff] and only one in his favor, we easily conclude that the District Court did not abuse its discretion in dismissing the case for lack of prosecution.").

An appropriate Order accompanies this Memorandum Opinion.

Date: January 20, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge