| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** <br><br> **DIVISION OF ST. CROIX** | |
| **CHERIE KARIMA ALLAHAR,** <br><br>                     Plaintiff, <br><br> v. <br><br> **CLINICAL LABORATORY, INC.** <br><br>                     Defendant. | 1:11-cv-00001-WAL-EAH |

**TO:**    K. Glenda Cameron, Esq.[1]
        Richard H. Hunter, Esq.

### REPORT AND RECOMMENDATION

THIS MATTER comes before the court on an Order by the District Court for a Report & Recommendation ("R&R") on the motion for attorney's fees filed by Defendant Clinical Laboratory, Inc. ("Clinical Lab"). Dkt. No. 76. For the reasons that follow, the Court recommends that the Motion for Attorney's Fees be granted in part, to the extent that fees are awarded, and denied in part, to the extent that fees are modified.

### BACKGROUND

Plaintiff Cherie Karima Allahar, an employee of Defendant Clinical Lab, initially filed an action on December 21, 2010 in the Superior Court of the Virgin Islands, alleging that she was unjustly terminated based on racial discrimination and in retaliation for her pregnancy and for seeking partial unemployment benefits, in violation of Title VII of the Civil Rights Act

---

[1] The Court granted Attorney Cameron's Motion to Withdraw, Dkt. No. 72. However, Attorney Cameron is still listed as the attorney to be noticed on the docket. Allahar is not listed as proceeding pro se, as she has not made an appearance on her own behalf at any point.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 2

of 1964 and 42 U.S.C. § 1981. *See* Dkt. No. 1-2 ¶¶ 45-50, Dkt. No. 1-2. She also brought territorial claims based on the same incidents for violation of the Virgin Islands Civil Rights Act; violation of the Virgin Islands Wrongful Discharge Act; breach of the covenant of good faith and fair dealing; and intentional infliction of emotional distress. *Id.* ¶¶ 51-62. Allahar sought various forms of relief including declaratory judgment, back pay, prejudgment interest, damages for employee benefits, compensatory and punitive damages, and attorney's fees and costs. *Id.*, Prayer for Relief. Clinical Lab removed the case to this Court on January 4, 2011. Dkt. No. 1.

On January 21, 2011, Clinical Lab filed a motion to dismiss based on insufficient process/service of process, lack of subject matter jurisdiction, and failure to state claim,[2] to which Allahar did not respond. Dkt. No. 2. On September 21, 2011, Clinical Lab also filed a request for ruling on its motion, seeking to have the motion to dismiss treated as conceded. Dkt. No. 3. The next day, the Court ordered Allahar to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 4. After considering Allahar's counsel's response, Dkt. No. 5, which explained that counsel mistakenly believed the response had been filed, the Court discharged the order to show cause and accepted the response to the order to show cause as Allahar's response to the motion to dismiss. Dkt. No. 6.

---

[2] The grounds to dismiss based on failure to state of claim were asserted only as to the local claims. Dkt. No. 2 at 2.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 3

In March 2012, the Court denied Clinical Lab's motion to dismiss and ordered Allahar to serve Clinical Lab within two weeks. Dkt. Nos. 11, 12. Instead, Allahar filed a motion for leave to file an amended complaint, and to extend the time to serve the complaint. Dkt. Nos. 13, 14. The Court granted leave, and Allahar filed an amended complaint that was substantively similar to the initial complaint. Dkt. Nos. 15, 18. In April 2012, Clinical Lab filed an answer and, in May 2012, filed a motion to dismiss two of Allahar's territorial counts. Dkt. No. 21. The parties stipulated to an extension of time for Allahar to respond, but Allahar never filed a response. Dkt. No. 22. The Court dismissed one of the territorial counts and denied the motion as to the other in late 2013. Dkt. Nos. 23, 24.

Magistrate Judge Cannon entered a scheduling order in December 2013, Dkt. Nos. 26, 28, and the parties participated in initial discovery, filing an amended joint discovery plan in January 2014, Dkt. No. 33, and their Rule 26 disclosures, Dkt Nos. 35, 38. A few months after a September 2014 status conference, Allahar's counsel filed a motion to withdraw. Dkt. No. 44. She represented that she and Allahar were at an impasse as to how to proceed in the case and that Allahar had agreed to obtain substitute counsel but had failed to do so. *Id.* After a hearing, Magistrate Judge Cannon denied the motion to withdraw, instructing Allahar to either retain new counsel or file a notice of her intent to proceed pro se. Dkt No. 49. Allahar did not respond. A few months later, the Court entered a trial management order and set a trial date for January 11, 2016.[3] Dkt No. 56. Magistrate Judge Cannon held a status conference

---

[3] The trial management order reads January 11, 2015. Dkt. No. 56. This is clearly a mistake

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 4

in November 2015. Dkt No. 58. Both parties submitted witness lists in anticipation of trial. Dkt. Nos. 59, 61.

On December 8, 2015, Clinical Lab filed a motion to dismiss for lack of prosecution. Dkt No. 62. In lieu of an opposition to the motion to dismiss, Allahar's counsel filed a notice indicating that, in December 2015, counsel had prepared an affidavit for Allahar to sign which reiterated statements Allahar had earlier made to counsel in an email that she could no longer pursue the case and agreed to dismiss it.[4] Dkt. No. 63 ¶¶ 6-7. When counsel again sent the draft affidavit to Allahar via certified mail, she did not receive a response and renewed her request to withdraw. *Id*. ¶¶ 8-10.

Given that trial was set for January 11, 2016, Clinical Lab filed its proposed pretrial order, trial brief, proposed jury instructions, proposed voir dire, and statement of facts. Dkt Nos. 65-69. The Court continued the remaining deadlines in the trial management order and held a final pretrial conference on January 6, 2016 at which time counsel for both parties appeared. Dkt Nos. 70, 71. The district court granted counsel's motion to withdraw on January 20, 2016. Dkt. No. 72.

On January 20, 2016, the Court granted Clinical Lab's motion to dismiss for failure to prosecute. Dkt. Nos. 73, 74.

---

since the order itself was entered in October 2015, and a later order continuing the trial, Dkt. No. 70, refers to the trial date as January 11, 2016.
[4] Counsel stated that she had lost that email due to a network system crash. Dkt. No. 63.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 5

Clinical Lab filed a motion for attorney's fees in the amount of $30,695.00 shortly thereafter. Dkt. No. 76. Clinical Lab argued that it was entitled to recover attorney's fees under Federal Rule of Civil Procedure 54(d) and under 5 V.I.C. § 541(b) as the prevailing party. *Id.* It contended that the hours expended and rates charged by counsel were reasonable. *Id.* at 8.[5]

Clinical Lab provided an affidavit setting forth the hourly rates of the attorneys who worked on the case and provided a "posting register"—a specific list of services rendered in the case, by whom, along with the date, the amount of time expended, and dollar amount, totaling $30,695.00. Dkt. Nos. 76-6, 76-7. In support of its contention that Allahar's case was without foundation, Clinical Lab attached a denial of an appeal of her claim to unemployment benefits resulting from her discharge by the Virgin Islands Insurance Service Hearing and Appeals Unit of the Virgin Islands Employment Security Agency ("VIESA"). Dkt. No. 76-1. The appeal noted that in the initial determination, the adjudicator found that Allahar was "discharged for negligence by [her] failure to follow proper work procedure and policy" and for "misconduct in connection with [her] work," rendering her "ineligible for benefits." *Id.* at 1. Clinical Lab also attached the Equal Employment Opportunity Commission's ("EEOC") Dismissal and Notice of Rights, which determined that "the EEOC is unable to conclude that

---

[5] Clinical Lab also noted that, while financial capacity of the nonmoving party may be considered, courts may disregard the economic status of the losing party and often find some award appropriate. Dkt. No. 76 at 6-7. Here, however, Allahar has not provided any evidence of financial hardship.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 6

the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." Dkt No. 76-2.

On October 19, 2016, the Court ordered Allahar to respond to the motion for attorney's fees. Dkt. No. 77. A hard copy of the order was sent to her, but it was returned as undeliverable on November 17, 2016. Dkt. No. 79. Allahar did not respond.

## APPLICABLE LAW

### I.    Federal Standards for Recovery of Attorney's Fees

Within fourteen days of the entry of judgment, a party may move for attorney's fees stating the amount sought and the statute, rule, or grounds entitling movant to the award. Fed. R. Civ. P. 54(d)(2).[6] Generally, the American rule governs, and litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). It is only in certain exceptional circumstances that the Court can award attorney's fees. Indeed, "the generally accepted standard for an award of attorneys' fees [to the defendant] in a Title VII case is a 'finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Richardson v. Port Auth.*, Civ. No. 2009-136, 2013 WL 1686338, at *2 (D.V.I. Apr. 16, 2013) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)). "'Frivolous,

---

[6] Rule 54 is fully applicable to the District of the Virgin Islands. *See Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 86 (3d Cir. 1988).

unreasonable, or without foundation', in this context [Title VII] implies 'groundless . . . rather than simply that the plaintiff has ultimately lost his case.'" *EEOC v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir.1997) (quoting *Christiansburg Garment Co.,* 434 U.S. at 421)). "[A]ttorney's fees [to a prevailing Title VII defendant] are not routine, but are to be only sparingly awarded." *Id.* (alteration in original) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991)).

The same standard applies for awarding attorney's fees in cases brought under 42 U.S.C. § 1981. *See Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 n.1 (2d Cir. 1996) ("Congress intended that § 2000e-5(k) and § 1988 [the provision for attorney's fees in proceedings in vindication of civil rights under 42 U.S.C. § 1981] follow similar standards"); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7 (1983) ("The legislative history of § 1988 indicates that Congress intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act.")(internal quotation marks omitted).

Additionally, under Federal Rule of Civil Procedure 54(d)(1), "costs – other than attorney's fees should be allowed to the prevailing party" unless a statute, a rule, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). The Rule does not further define costs. Clinical Lab appears to argue that, because under Virgin Islands law, costs include attorney's fees,[7] attorney's fees can be included within Rule 54(d)'s definition of costs for *all* claims

---

[7] As discussed further below, 5 V.I.C. § 541(b), defines recoverable costs in a civil action to include attorney's fees.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 8

raised. Dkt. No. 76 at 4. But the case Clinical Lab cites in support of this proposition, *Good Timez, Inc.*, explained that costs under a Rule 68 offer of judgment include attorney's fees because "Rule 68 'was intended to refer to all costs properly awardable under the relevant substantive statute or other authority'" and attorney's fees were to be included for the cost-shifting purposes of Rule 68 "if the underlying statute define[d] 'costs' to include such fees." *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co., Ltd.,* 754 F. Supp. 459, 462 n.5 (D.V.I. 1991) (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). Because there has been no Rule 68 offer here, *Good Timez* is not applicable.

Clinical Lab also claims that recovery of attorney's fees under Rule 54 is governed by territorial substantive law in diversity actions. Dkt. No. 76 at 4. But this action was removed on the basis of federal question jurisdiction over the federal claims raised, so this argument is inapplicable. Additionally, it has long been the rule that "[i]n awarding fees to a prevailing party under section 541, . . . the court must subtract fees and costs associated with federal claims, as section 541 is only applicable to fees for the litigant who succeeds in pursuing [or defending] Virgin Islands territorial claims." *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 183 (3d Cir. 1999). Thus, the Court will apply the recognized federal standards under Rule 54(d)(2) and federal caselaw governing attorney's fees awards to the claim for attorney's fees on the federal causes of action.

In applying the relevant standard, the Court considers Clinical Lab's argument that attorney's fees are merited on Allahar's federal claims because "Plaintiff's case was without

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 9

foundation, as she has never provided any evidence of discrimination"—i.e., that the case was frivolous. Dkt. No. 76 at 6.

The Third Circuit has listed factors to be considered in determining whether a plaintiff's unsuccessful civil rights claim was frivolous, including whether: the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits, the question in issue was one of first impression requiring judicial resolution, the controversy was based sufficiently upon a real threat of injury to the plaintiff, the trial court made a finding that the suit was frivolous under the *Christiansburg* guidelines, and the record supported such a finding. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). "These considerations, however, are merely guidelines, not strict rules; thus 'determinations regarding frivolity are to be made on a case-by-case basis.'" *Id*. (quoting *Sullivan v. School Bd*., 773 F.2d 1182, 1189 (11th Cir. 1983)). In this case, the factors are particularly difficult to apply because, while the case approached a deadline set for trial, it was ultimately dismissed for failure to prosecute, and the Court rendered three opinions as to the merits of the case.

The first factor is an important indicator of whether a case is frivolous. *See Burris v. Davidson Transfer & Storage Co*., 537 F. Supp. 1029, 1034 (D. Del. 1982), *aff'd*, 714 F.2d 120 (3d Cir. 1983) ("[T]he establishment of a prima facie case of employment discrimination by the plaintiffs severely undermines defendant['s] argument that the suit brought against it was meritless."). Clinical Lab did not contend that Allahar failed to make a prima facie claim

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 10

of discrimination until it submitted its trial brief. Indeed, in its first (two-page) motion to dismiss, Clinical Lab cited sufficiency of service of process and jurisdictional grounds. *See e.g.,* Dkt. No. 2. Clinical Lab's second motion to dismiss challenged territorial claims on the basis of res judicata. It never filed a motion to dismiss for failure to state a Title VII or § 1981 claim. In other words, Clinical Lab never took the opportunity to challenge Allahar's federal discrimination claims, which weighs against awarding attorney's fees on these claims. *See EEOC v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987) (reversing a district court's award of fees under the *Christiansburg* standard and finding that it was relevant that the defendant never sought pretrial dismissal, summary judgment, or a directed verdict); *Donnelly v. R.I. Bd. of Governors for Higher Educ.*, 946 F. Supp. 147, 150 (D.R.I. 1996) (denying an award of attorney's fees in part because defendant's failure to raise plaintiff's evidentiary weakness in its motion to dismiss or motion for summary judgment showed that the defendant did not "perceive the omission as fatal to the plaintiff's case," and therefore suggested that a reasonable person would not have recognized the plaintiffs' claim as meritless). Further, even with the benefit of some discovery, Clinical Lab never filed for summary judgment, which could have been another opportunity to challenge the viability of Allahar's federal claims. It appears disingenuous for Clinical Lab to challenge the complaint as being "without merit" when it did not assert this ground in any dispositive motion.

Moreover, the evidence provided by Clinical Lab— the denial of appeal by VIESA and the EEOC Dismissal and Notice of Rights, Dkt. Nos. 76-1, 76-2—does not show that Allahar's

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 11

case lacked merit. The EEOC Dismissal is "essentially a non-decision on the part of the EEOC." *Berry v. Georgetown Inn, Ltd.*, No. 2:08-cv-02025, 2010 WL 608076, at *2 (W.D. Pa. Feb. 18, 2010). In fact, courts in this district have noted that these types of EEOC letters are "no evidence at all," particularly where the letter "does not detail any factual findings of the EEOC's investigation." *Hodge v. Superior Court of the V.I.,* Civ. No. 07-87, 2009 WL 3334594, at *2 (D.V.I. Oct. 14, 2009); *see also Russell v. City of Phila.*, Civ. No. 13-3151, 2016 WL 4478764, at *5 (E.D. Pa. Aug. 25, 2016) ("[d]istrict courts herein have been reluctant to adopt or rely upon such findings [EEOC determination letters], for a variety of reasons, including, in particular, their lack of citation to record evidence and general hearsay nature.")(citations omitted)(collecting cases). While these cases generally deal with the admissibility of EEOC letters at trial or to challenge summary judgment, the same concerns are present in those cases as here when using the EEOC letter to determine that a plaintiff's suit is frivolous or completely without foundation.

The determination and findings of facts of the VIESA fare no better. Clinical Lab attached the appeal of Allahars's underlying determination. Dkt. No. 76-1. The appeal was dismissed as untimely and provided no discussion of the underlying merits of the case, beyond the three sentences under "findings of fact" that detailed her ineligibility for benefits. *Id.* But "the mission of the VIESA is to determine an applicant's eligibility for unemployment benefits, not to determine the culpability of the employer." *Harrilal v. Blackwood,* 44 V.I. 144, 151 (V.I. Terr. Ct. 2001) (discussing that a finding of misconduct is not the equivalent of

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 12

determining whether an employee was wrongfully discharged); *Charles v. Daily News. Pub. Co.* 29 V.I. 34, 36 (V.I. Terr. Ct. 1994) ("VIESA's sole purpose in making any judgments under the facts of this case was to determine the Plaintiff's eligibility for unemployment insurance."). Similarly, a finding of misconduct by the VIESA does not render all of Allahar's claims in this litigation so utterly without basis as to constitute "frivolity." In short, neither Clinical Lab's evidence nor an examination of the litigation reveal that this case is one of the "the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous," justifying the imposition of sanctions on the federal claims. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal quotation marks and citation omitted). Thus, no attorney's fees will be awarded on the federal claims.

    **II.**     **<u>Virgin Islands Standards for Recovery of Attorney's Fees</u>**

Virgin Islands law provides an exception to the American Rule and allows fee-shifting in certain circumstances. *See Baptiste v. Gov't of V.I.*, 529 F.2d 100, 101-02 (3d Cir. 1976). Section 541(a) of the Virgin Islands Code defines recoverable costs for civil actions in the Virgin Islands. 5 V.I.C. § 541(a). It mandates that attorney's fees are a recoverable cost and provides:

> [t]he measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto.

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 13

*Id*. § 541(b). In enacting this statute, "[t]he Legislature chose to abolish the "American Rule" for reasons of public policy, believing that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *DaCosta v. DaCosta*, 74 V.I. 640, 646 (V.I. 2021) (internal quotation marks omitted). Recently, the Supreme Court of the Virgin Islands expanded on what "prevailing party" means and adopted a liberal construction. *Id*. at 645. Thus, "the definition of 'prevailing party' is far broader and permits attorney's fee awards to one party even when it would be precluded under federal case law, such as situations where both sides prevailed but one was more successful." *Id*. at 644 (internal quotation marks omitted). A prevailing party is one who has received "at least some of the benefits which were sought in the litigation, even if a judgment is not finally obtained." *Jo–Ann's Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.,* Civ. No. 1989-106, 1995 WL 78299, at *4 (D.V.I. Feb. 9, 1995) (internal quotation marks omitted). A party is a prevailing party when it is successful on a motion to dismiss for a lack of prosecution. *See Richardson*, 2013 WL 1686338, at *2 (citing *Edwards v. Groner*, 24 V.I. 292, 295-96 (D.V.I. 1989)). By these definitions, Clinical Lab is the prevailing party.

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Est. Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). "To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the

certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, Civ. No. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court uses the lodestar method of calculation to determine a reasonable amount of attorney's fees; it calculates the lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly,* 195 F. App'x. 93, 96 (3d Cir.2006) (citing *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001) (explaining the lodestar calculation.) The lodestar is presumed to be the reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

"The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees." *Bank of Nova Scotia v. Brooks*, Civ. No. 2014-0062, 2017 WL 987449, at * 5 (D.V.I. Mar. 14, 2017). "First, the Court determines whether the hours billed were reasonably expended, excluding time billed that is excessive, redundant, or otherwise unnecessary." *Id*. (internal quotation marks omitted)." Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

## DISCUSSION

In performing the first step of the inquiry, determining whether hours billed were reasonably expended, the Court must endeavor to exclude all fees relating to the federal claims, which it has determined Clinical Lab is not entitled to. Thus, it will delete anything

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 15

that appears to be related to only the federal claim or attempt to calibrate entries on mixed issues to reflect only the work performed on the territorial claims.

| Date | Description | Timekeeper | Amount | Time |
|---|---|---|---|---|
| 10/17/11 | Legal Research re Title #7 and 1981 re: pleading, jurisdiction | BPB | 690.00 | 2.30 |

The fees related to this entry are excluded because, by its terms, it involved legal research only on the federal claim. This is the sole entry that describes work specifically performed on the federal claims. Thus, these 2.3 hours are not compensable.

On the other hand, entries related to work performed solely on territorial claims are fully compensable. These include preparation of the second motion to dismiss and the territorial-specific legal research as laid out below (using descriptions and details from counsels' posting register):

| Date | Description | Timekeeper | Amount | Time |
|---|---|---|---|---|
| 01/03/11 | Legal Research re local discrimination statute | BPB | 120.00 | .40 |
| 10/18/11 | Legal Research re VI Civil Rights Law | EC | 385.00 | 2.20 |
| 04/19/12 | Legal research re res judicata and administrative hearing with DOL | EC | 87.50 | .50 |

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 16

| Date | Description | Timekeeper | Amount | Time |
|---|---|---|---|---|
| 04/20/12 | Revision to Motion partial dismissal – counts III and IV | BPB | 390.00 | 1.30 |
| 5/15/12 | Revision to motion to dismiss Counts III and IV | BPB | 90.00 | .30 |
| 5/25/12 | Revision to and finalize Mot Partial Dismissal | BPB | 120.00 | .40 |
| 5/31/12 | Finalize Mot to Dismiss | BPB | 60.00 | .20 |
| 06/20/12 | Review and prepare email to G. Camero[n] re: stip | BPB | 30.00 | .10 |

This amounts to 5.4 hours of attorney's fees that will be awarded in full.

The Court will not award any of the fees for the following entries as explained in more detail below:

| Date | Description | Timekeeper | Amount | Time |
|---|---|---|---|---|
| 3/23/12 | Review of mot extension of time to serve | BPB | 90.00 | .30 |
| 04/05/12 | Preparation of corporate disclosure statement | BPB | 60.00 | .20 |
| 12/18/15 | Preparation of Opposition to motion for Extension | RHH | 600.00 | 2.00 |

The first entry is duplicative of another, shorter entry for the same exact day entitled "Review of Mot Ext Time." Given that the motion was a three-page entry, the Court will award the fees requested for only the shorter time period (.20 hours). No corporate disclosure statement was included in the only document filed by Clinical Lab that month (its answer). Similarly,

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 17

although the attorneys billed for the "preparation of opposition to motion for extension" in 2015, this appears to be either mislabeled or redundant. The only motions for extensions include one filed in 2014, Dkt. No. 29, and an unopposed stipulation for extension of Allahar's time to respond in 2012. Dkt. No. 22. No motion for extension was filed at this stage in the litigation. Accordingly, the 2.5 hours of attorney's fees claimed for these services are not compensable.

With regard to the remaining attorney's fees sought in this case, it bears repeating that the Allahar alleged five claims: three territorial counts and two federal counts. *See e.g.,* Dkt. No. 1-1. Clinical Lab's motion to dismiss resolved one of the territorial claims in late 2013. Dkt. No. 24. However, most of the work described on the attorneys' ledger does not specify whether the time was spent on federal or territorial claims. Given that failing, Courts have "assume[d] that half the time was spent on federal claims and half was spent on territorial claims" when assessing attorney's fees. *Dorval v. Moe's Fresh Mkt.*, Civ. No. 16-61, 2019 WL 668217, at *3 (D.V.I. Jan. 29, 2019). Following *Dorval*, the Court concludes that an award of fifty percent on the entries that do not specify whether they involved federal or territorial claims is appropriate, given that, for most of the litigation, the case involved two federal claims and two territorial claims.

Clinical Lab has claimed a total of 147.70 hours. Of that total time, 4.8 hours are noncompensable (2.3 hours of federal claim-specific research and 2.5 hours of duplicative, unnecessary, or redundant work), and 5.4 hours are fully compensable, spent on solely

territorial claim-specific work. The remaining 137.5 hours are not specifically attributable to either the territorial or federal claims. Thus, per *Dorval*, the Court will divide that amount in half, leaving 68.75 hours. When those hours are added to the fully compensable, territorial specific-claim hours, the total compensable time is 74.15 hours.

The next step is to assess whether the rates charged were reasonable. *Bank of Nova Scotia*, 2017 WL 987449, at *5. Partners Richard Hunter (RHH) and Bruce Bennett (BPB) charged $300.00 per hour, and associate Elise Catera (EC) charged between $175-$275 per hour. Though Clinical Lab attorneys only support the reasonableness of their rate by their own affidavit, courts in this district "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Courts in this District have found that, where a case was not overly complex, reduced hourly fees were appropriate. *See Rodriguez v. Spartan Concrete Prods., LLC*, Civ. No. 12-29, 2019 WL 1306259 at *4 (D.V.I. Mar. 22, 2019) (finding that the simplicity of the case warranted a reduced hourly rate and considering that the evidence involved no expert testimony or particularly complex legal or factual issues)*; Dorval*, 2019 WL 668217, at *3-4 (reducing rate where case was simple). Here the issues were not complex; in fact, Allahar hardly litigated the case, other than participating in some discovery. Even when Clinical Lab prepared for trial, as required by the scheduling order, Allahar did not submit any documents other than a witness list. The motions to dismiss were extremely short (2 and 3 pages) and unopposed by Allahar

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 19

(although the Court construed one filing as an opposition), and no other substantive motions were filed. The fact that litigation continued for five years is not because the case was complicated. The Court concludes, per *Dorval* and *Rodriguez*, that a reduced award of $200 per hour for all attorneys handling the matter is appropriate under these circumstances. The compensable hours (74.15) multiplied by $200/hour results in recoverable attorney's fees of $14,830.00.

## CONCLUSION

Clinical Lab is not entitled to an award of attorney's fees on the federal claims, because it has not shown that Allahar's suit was without merit. It is, however, entitled to reduced fees for the territorial claims, based on the Court's calculations above. This results in a total award of attorney's fees of $14,830.00. Accordingly, the Court **RECOMMENDS** that the Motion for Attorney's Fees, Dkt. No. 76, be **GRANTED, IN PART** in the amount of $14,830.00 and **DENIED IN PART** to the extent that Clinical Lab sought an award of $30,695.00.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

*Allahar v. Clinical Laboratory, Inc.*
1:11-cv-00001-WAL-EAH
Report and Recommendation
Page 20

      The Clerk of Court shall provide a copy of this R&R to Allahar by certified mail, return receipt requested and by email to 365namaste@gmail.com.

                                        ENTER:

Dated: October 14, 2022                     /s/ Emile A. Henderson III
                                                              EMILE A. HENDERSON III
                                                              MAGISTRATE JUDGE