DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CHERIE KARIMA ALLAHAR,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CLINICAL LABRATORY, INC.,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 2011-0001 |

**Appearances:**
**Cherie Karima Allahar,** *Pro Se*
Marietta, Georgia

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R) (Dkt. No. 82) regarding Defendant Clinical Laboratory Inc.'s "Motion for Award of Attorney's Fees" ("Motion") (Dkt. No. 76). The R&R advised the parties that any objections to its contents must be filed within fourteen days of receipt. (Dkt. No. 82 at 19). Neither party has filed any objections to the R&R, either before or since that fourteen-day deadline elapsed.[1]

---

[1] Defendant received the R&R by electronic notification through CM/ECF on October 14, 2022, the date the R&R was filed. Thus, the deadline for Defendant to respond elapsed on October 28, 2022. The R&R was sent to Plaintiff *pro se* by email and certified mail, return receipt requested, on November 1, 2022. (Dkt. No. 83). Thus, the deadline for Plaintiff to respond elapsed on November 15, 2022.

In its Motion—filed pursuant to Rule 54 of the Federal Rules of Civil Procedure—Defendant seeks attorneys' fees totaling $30,695 as a prevailing party under 5 V.I.C. § 541 ("Section 541") for 147.7 hours of legal work completed by Attorneys Richard H. Hunter, Bruce P. Bennett, and Elise Catera. (Dkt. No. 76 at 8-9). The Magistrate Judge recommends that the Court grant in part and deny in part Defendant's Motion by awarding fees totaling $14,830. (Dkt. No. 82 at 19). As discussed below, the Court will adopt the Magistrate Judge's R&R as modified herein to reflect an attorneys' fees award of $16,199.

## I.   APPLICABLE LEGAL PRINCIPLES

Where the parties do not timely object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, a district court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 edition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and

seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

## II. THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Defendant's Motion follows this Court's Order dismissing Plaintiff's action for failure to prosecute. (Dkt. No. 73). With respect to the Motion, the Magistrate Judge found the following:

**(1)** that Plaintiff's lawsuit was not frivolous so as to justify an award of attorneys' fees under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981, and that Defendant is thus not entitled to an award of fees under those statutes, *id.* at 6-12 (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978) and *EEOC v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir.1997));

**(2)** that Defendant qualifies as a prevailing party under Section 541 due to its success in dismissing Plaintiff's lawsuit for failure to prosecute, and that Defendant is thus entitled to an award of fees under that Section, *id.* at 13 (citing *Richardson v. Port Auth.*, No. 09-CV-00136, 2013 WL 1686338, at *2 (D.V.I. Apr. 16, 2013));

**(3)** that Defendant is entitled to an award of attorneys' fees under Section 541 for legal work defending against Plaintiff's territorial claims but not against her federal claims, *id.* at 8, 17 (citing *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 183 (3d Cir. 1999));

**(4)** that 2.3 hours of attorney time is non-compensable because the supporting documentation (Dkt. No. 76-7) reflects that this time was expended solely to defend against Plaintiff's federal claims, *id.* at 15;

3

**(5)** that an additional 2.5 hours of attorney time is non-compensable because the supporting documentation reflects that this time was expended on unnecessary or duplicative work, *id.* at 16;

**(6)** that 5.4 hours of attorney time is compensable because the supporting documentation reflects that this time was expended solely to defend against Plaintiff's territorial claims, *id.* at 15-16;

**(7)** that the supporting documentation for the remaining 137.5 hours[2] do not distinguish between the legal work performed on Plaintiff's territorial and federal claims, and that, because, "for most of the litigation, the case involved two federal claims and two territorial claims," it is therefore appropriate to attribute half of this time to federal claims and half to federal claims, resulting in 68.75 hours of compensable time, *id.* at 17 (citing *Dorval v. Moe's Fresh Mkt.*, No. 16-CV-00061, 2019 WL 668217, at *3 (D.V.I. Jan. 29, 2019));

**(8)** that 74.15 total hours[3] of attorney time is therefore compensable, *id.* at 18; and

**(9)** that the rates charged by Defendant's attorneys—$300/hour for Attorneys Hunter and Bennett, and $175-275/hour for Attorney Catera—are customary in this jurisdiction, but appropriately reduced to $200/hour for all three attorneys given the simplicity of the case, *id.* at 18 (citing *Anthony on Behalf of Lewis v. Abbott*, 99-CV-00078, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) and *Rodriguez v. Spartan*

---

[2] 147.7 hours *minus* 2.3 hours *minus* 2.5 hours *minus* 5.4 hours *equals* 137.5 hours. As noted below, however, the supporting documentation contains an incorrect total of 147.7 hours for the 156 entries listed in the documentation, rather than 146.9 hours, which is the correct figure. *See infra* n.4. The Magistrate Judge based the above calculation—of 137.5 remaining hours—on the incorrect total contained in the documentation.

[3] 5.4 hours (*see* Item 6 above) *plus* 68.75 hours (*see* Item 7 above) *equals* 74.15 hours.

*Concrete Prods., LLC*, No. 12-CV-00029, 2019 WL 1306259, at *4 (D.V.I. Mar. 22, 2019)).

Multiplying the 74.15 hours of compensable time by a $200/hour rate yields a total of $14,830, which is the amount that the Magistrate Judge recommends for an award. *Id.* at 19.

### III. DISCUSSION

#### A. Modification of Award

The Court does not find plain error in the Magistrate Judge's reasoning or conclusions with respect to Items 1 through 8 above. With respect to Item 9, however, the Court finds that, while there is no plain error in the Magistrate Judge's reduction of the hourly rates based on the complexity of the case, the Magistrate Judge improperly assessed $200/hour as the reasonable hourly rate for all three of Defendant's attorneys notwithstanding their differing levels of seniority. Because the reasonableness of attorneys' hourly rates under Section 541 is in part a factor of the customary charges for such services, *see Staples v. Ruyter Bay Land Partners, LLC*, No. 05-CV-00011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008), and because attorneys customarily charge higher fees for more experienced counsel, this Court routinely distinguishes between the reasonable rates afforded to partners and associates. *See, e.g., Herishetapaheru v. Firstbank Puerto Rico*, No. 16-CV-00057, 2022 WL 991327, at *3, *3 n.1 (D.V.I. Mar. 31, 2022) (assessing rates of $250/hour for associates and $325/hour for partners as reasonable, and observing that "[t]he hourly rates for experienced attorneys and less experience associates is well-established in the Virgin Islands" (collecting cases)); *Vitalis v. Sun Constructors, Inc.*, No. 05-CV-00101, 2021 WL 3272198, at *3 (D.V.I. July 30, 2021) (assessing rates of $225-$250/hour for junior attorneys and $300-$350/hour for senior attorneys as reasonable); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience

and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation).

As explained below, the Court will therefore modify the Magistrate Judge's R&R to reflect a reasonable hourly rate of $240/hour for Attorneys Hunter and Bennett, who are partners, and $140-220/hour for Attorney Catera, who is an associate.

### B. Attorneys' Fees Calculation

The 156 entries in the supporting documentation reflect that Attorney Bennett billed 40.5 hours, Attorney Hunter billed 66.4 hours, and Attorney Catera billed 40 hours.[4] (Dkt. No. 76-7). Attorneys Bennett and Hunter each billed at a rate of $300/hour for all of their time. *Id.* Attorney Catera, however, billed 11.3 hours at a rate of $175/hour; 24.5 hours at a rate of $225/hour; 2.4 hours at a rate of $250/hour; and 1.8 hours at a rate of $275/hour. *Id.*

As the Magistrate Judge correctly noted, this case did not involve complex or involved litigation. (Dkt. No. 82 at 18). Further, "Defendant "hardly litigated the case, other than participating in some discovery." *Id; see also id.* at 18-19 (observing that Defendant engaged in minimal trial preparation and that the case involved only two substantive motions, both of which were cursory, two- and three-page motions to dismiss that were filed by Defendant and were unopposed by Plaintiff). Given these considerations, the Court agrees that the relative simplicity of this case warrants a reduction in Defendant's attorneys' fees. *See Flagstar Bank, FSB v. Walcott*, No. 18-CV-00037, 2022 WL 4094075, at *2 (D.V.I. Sept. 6, 2022) (noting that, in assessing the reasonableness of fees, "the Court must [] consider . . . the relative simplicity or complexity of the case and the quality of the counsel's moving papers.") The Court will therefore reduce each

---

[4] Together, these 156 entries total 146.9 hours, which the supporting documentation incorrectly totals as 147.7 hours.

attorneys' hourly rate by twenty percent. *See Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 82 (3d Cir. 2004) (affirming district court's twenty percent reduction of attorney's requested hourly rate based on the simplicity of the case and attorney's skill level); *Bank of St. Croix, Inc. v. Bay Ests. Grp. Ltd. Liab. Ltd. P'ship*, No. 14-CV-00075, 2020 WL 1695687 (D.V.I. Apr. 6, 2020) (reducing requested fees by 30 percent based on the simplicity of the case, attorneys' skill level, and redundant work product). This reduction results in an effective rate of $240/hour for Attorney Bennett's and Attorney Hunter's time, and effective rates of $140/hour, $180/hour, $200/hour, and $220/hour for Attorney Catera's time that was billed at rates of $175/hour, $225/hour, $250/hour, and $275/hour, respectively.

**Attorney Bennett.** As previously noted, Attorney Bennett billed 40.5 hours. As per the Magistrate Judge's R&R, 2.3 hours of Attorney Bennett's time is non-compensable as relating solely to Plaintiff's federal claims (Dkt. No. 82 at 15), and an additional 0.5 hours of his time is non-compensable because it involved unnecessary or duplicative work, *id.* at 16. Subtracting this non-compensable time from Attorney Bennett's total time yields 37.7 hours. Of these 37.7 hours, 2.7 hours are—per the Magistrate Judge's R&R—fully compensable as relating solely to Plaintiff's territorial claims. *Id.* at 15-16. Of the remaining 35 hours, one half (17.5 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable.[5] Thus, 20.2 hours (2.7 hours *plus* 17.5 hours) of Attorney Bennett's time is compensable at a rate of $240/hour. Defendant is therefore entitled to $4,848 (20.2 hours *times* $240/hour) for Attorney Bennett's work on the case.

---

[5] *See* Item 7 above (explaining that, to the extent the supporting documentation does not specify whether certain hours were devoted to defending against Plaintiff's territorial or federal claims, it is appropriate to attribute half of these non-specified hours to Plaintiff's compensable territorial claims and half to her non-compensable federal claims because the case involved an equal number of federal and territorial claims for the majority of its duration).

7

**Attorney Hunter.** As previously noted, Attorney Hunter billed 66.4 hours. As per the Magistrate Judge's R&R, 2.0 hours of Attorney Hunter's time is non-compensable because it involved unnecessary or duplicative work. Subtracting this non-compensable time from Attorney Hunter's total time yields 64.4 hours. Of these 64.4 hours, one half (32.2 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable. Thus, 32.2 hours of Attorney Hunter's time are compensable at a rate of $240/hour. Defendant is therefore entitled to $7,728 (32.2 hours *times* $240/hour) for Attorney Hunter's work on the case.

**Attorney Catera.** As previously noted, Attorney Catera billed 40 hours, with 11.3 of these hours at a rate of $175/hour, 24.5 of these hours at a rate of $225/hour, 2.4 of these hours at a rate of $250/hour, and 1.8 of these hours at a rate of $275/hour. As per the Magistrate Judge's R&R, 2.7 hours of Attorney Catera's time is fully compensable as relating solely to Plaintiff's territorial claims. *Id.* at 15. These 2.7 hours were billed at a rate of $175/hour. *Id.* Of the remaining 37.3 hours, one half (18.65 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable. Thus, 7.0 hours of Attorney Catera's time are compensable at a rate of $140/hour;[6] 12.25 hours are compensable at a rate of $180/hour;[7] 1.2 hours are compensable at a

---

[6] As previously noted, Attorney Catera billed 11.3 hours at a rate of $175/hour and 2.7 of these hours are fully compensable as relating solely to Plaintiff's territorial claims. Of the remaining 8.6 hours, one half (4.3 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable. Thus, 7 hours (2.7 hours *plus* 4.3 hours) are compensable at a rate of $140/hour, for a total of $980 (7 hours *times* $140/hour).

[7] Of the 24.5 hours Attorney Catera billed at a rate of $225/hour, one half (12.25 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable, for a total of $2,205 (12.25 hours *times* $180/hour).

rate of $200/hour;[8] and 0.9 hours are compensable at a rate of $220/hour.[9] Defendant is therefore entitled to $3,623 for Attorney Catera's work on the case.[10]

Adding the $4,848 to which Defendant is entitled for the work of Attorney Bennett, the $7,728 to which it is entitled for the work of Attorney Hunter, and the $3,623 to which it is entitled for the work of Attorney Catera yields a total award of $16,199.[11]

For the foregoing reasons, it is hereby,

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 82) is **ADOPTED AS MODIFIED HEREIN**; and it is further

**ORDERED** that Defendant's "Motion for Award of Attorney's Fees" (Dkt. No. 76) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** to the extent that Defendant is awarded attorneys' fees in the amount of $16,199; and it is further

**ORDERED** that Defendant's Motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff by certified mail, return receipt requested, and by email to 365namaste@gmail.com.

**SO ORDERED**.

Date: December 27, 2022 _____/s/_____
WILMA A. LEWIS
District Judge

---

[8] Of the 2.4 hours Attorney Catera billed at a rate of $250/hour, one half (1.2 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable, for a total of $240 (1.2 hours *times* $200/hour) .

[9] Of the 1.8 hours Attorney Catera billed at a rate of $275/hour, one half (0.9 hours) are properly attributed to Plaintiff's territorial claims and are therefore compensable, for a total of $198 (0.9 hours *times* $220/hour).

[10] $980 (*see* footnote 6) *plus* $2,205 (*see* footnote 7) *plus* $240 (*see* footnote 8) *plus* $198 (*see* footnote 9) *equals* $3,623.

[11] This represents an increase of $1,369 from the Magistrate Judge's recommendation of $14,830.